**ORIGINAL**

LESLIE K. ICZKOVITZ #2393
Law Offices of Leslie K. Iczkovitz
1350 Ala Moana Boulevard, Suite 1508
Honolulu HI 96814
Tel: (808) 523-8449
Fax: (808) 356-0832
Email: lesisko@aol.com
Attorneys for Plaintiff,
AGATON GODWIN

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 10 2013

at ___ o'clock and 60 min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AGATON GODWIN, | Case No.: CV13-00014 ACK BMK |
| Plaintiff, | Hon. |
| v. | PLAINTIFF'S COMPLAINT; EXHIBIT "A"; SUMMONS |
| STATE WIDE COLLECTIONS, | |
| Defendant. | |

### PLAINTIFF'S COMPLAINT

Plaintiff, AGATON GODWIN (Plaintiff), through his attorneys, Law Offices of Leslie K. Iczkovitz, alleges the following against Defendant, STATE WIDE COLLECTIONS, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

3. Defendant conducts business in Hawaii, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person residing in Honolulu, Honolulu County, Hawaii.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Defendant is an alleged debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

8. Defendant is a collection agency with a business office in Honolulu, Hawaii.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around October of 2012, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

11. Plaintiff's alleged debt owed arises from transactions on a Bank of Hawaii credit card used for personal, family, and household purposes. *See* transcribed voicemail message attached hereto as Exhibit A.

12. Defendant called Plaintiff's telephone number at 808-848-56XX.

13. In or around October of 2012, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* Exhibit A.

14. In the voicemail message, Defendant's representative, "Shelly" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt

collector. *See* Exhibit A.

15. In the voicemail message, Defendant's representative, "Shelly", directed Plaintiff to call her back at 536-3111, and to reference account number 63148, which is a number that belongs to Defendant. *See* Exhibit A.

16. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

    b. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

    c. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

    d. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, AGATON GODWIN, respectfully requests judgment be entered against Defendant, STATE WIDE COLLECTIONS, for the following:

18. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: 1/7/13

By: _____
Leslie K. Iczkovitz, Esq.
Attorney for Plaintiff